RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/20/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS DENORRIS ARNOLD | DOCKET NO. 14-CV-538; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JUDGE SHEDD, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Travis Denorris Arnold. Arnold is an inmate in the custody of the Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. He filed suit pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] and the Federal Tort Claims Act[2] (FTCA).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Plaintiff filed a petition for writ of mandamus in the Fourth Circuit Court of Appeals seeking an order permitting Arnold to file for relinquishment of citizenship and government-issued identification and to withdraw all allegiances to the United

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

States. On December 23, 2013, the Fourth Circuit Court of Appeals Judges Shedd, Davis, and Floyd concluded that Arnold was not entitled to mandamus relief because the relief sought was not available, and it denied the petition. In re: Arnold, #13-2192, 2013 WL 6727923 (4th Cir. 2013).

Plaintiff now files suit in this district claiming that the ruling of the appellate court judges was improper and/or unconstitutional.

### *Law and Analysis*

Plaintiff's claims against the appellate court judges for denying the relief requested in his petition for writ of mandamus fail because the judges are absolutely immune from suit. In Pierson v. Ray, 386 U.S. 547, 553-554 (1967), the Supreme Court described the very broad situation in which absolute judicial immunity is appropriate:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335 (20 L.Ed. 646) (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants.

Thus, judicial officers are immune from suit for damages for acts performed in the discharge of their official duties. See Nixon v. Fitzgerald, 457 U.S. 731, 745 (1982); Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989), cert. denied, 492 U.S. 921 (1989). The

2

reasons for the rule of judicial immunity apply regardless of the nature of the relief sought. In ruling on Plaintiff's petition for writ of mandamus, the appellate court judges were absolutely performing official judicial duties. Thus, they are immune from suit.

To the extent that Plaintiff attempts to state an FTCA claim against the judges, his claim is likewise barred. First, the only proper defendant in an FTCA claim is the United States. See, e.g., 28 U.S.C. §§ 2671, 2679(a), (b)(1); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988)("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000)(The "FTCA requires that the named defendant in an FTCA action be the United States and only the United States.").

Amendment would be futile because, even if the Plaintiff had named the United States as the defendant, the FTCA claim would still be barred by judicial immunity. See 28 U.S.C. §2674 (stating that "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would

3

have been available to the employee of the United States whose act or omission gave rise to the claim").

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 20th day of May, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE